## FIDELITY LAND CREDIT CO. v. CAMPBELL.

No. 17128—Opinion Filed Sept. 14, 1926.

(Syllabus.)

### New Trial—Issues Triable—Effect of Intervening Writ of Certiorari Nullifying Portion of Judgment.

Plaintiff sued the defendant, after alleged due demand, for damages for its failure to release of record a mortgage on plaintiff's real property. All the issues joined were submitted to a jury, which rendered a verdict on its face purporting to respond to the issues raised. Thereafter the trial court rendered a judgment on the issues so submitted to. the jury far in excess of the verdict. This court in a cause invoking its original jurisdiction granted a writ of certiorari to the extent of quashing the judgment in so far as it exceeded the verdict of the jury on the ground that the judgment entered in excess of the verdict was void. Thereafter the trial court, on motions duly filed under the statute, granted a new trial to the plaintiff. This operated to vacate and set aside, not only the verdict, but the judgment rendered thereon. No appeal was taken or assignment made that the court erred in granting the new trial. The assignments are made that the court in granting the new trial should have limited the issues raised by the pleadings so as to eliminate the question of penalty. Held, that the granting of the writ of certiorari by this court does not preclude trying the issues as raised by the pleadings or such other issues as may be raised by additional pleadings filed by permission of the trial court.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by Kate D. Campbell against the Fidelity Land Credit Company. Judgment for plaintiff, and from order sustaining plaintiff's motion for new trial, defendant brings error. Affirmed.

Pearson & Pearson, for plaintiff.

A. L. Emery, for defendant in error.

BRANSON, V. C. J. Herein the Fidelity Land Credit Company, a corporation, prosecutes error against Kate D. Campbell. A resume of the history of this litigation is prerequisite to stating the only controversy now before this court.

Kate D. Campbell sued the Fidelity Land Credit Company, a corporation, in the superior court of Okmulgee county. Her ac-

tion was for damages and statutory penalty. She pleaded that she had applied to the said Fidelity Land Credit Company, which is a loan company, for a loan of $11,000 on certain property located in the city of Henryetta; that she executed and delivered to the said land company her note and mortgage in the above-mentioned amount; that the said defendant, the Fidelity Land Credit Company, caused the said mortgage to be placed of record, but it did not turn over to her the proceeds for which said mortgage was executed, to wit, $11,000, and did not make the loan; that she made demand in accordance with the statute for the release of said mortgage, but that the said Fidelity Land Credit Company did not comply with said demand, and she prayed for damages for consequent loss of credit, for the value of the abstract furnished the said defendant, and for the statutory one per cent. per day for refusal to release the mortgage. Answer was filed by the defendant, and the case was regularly tried, resulting in a verdict returned by the jury in favor of the said Kate D. Campbell in the sum of $1,000. The plaintiff filed her motion for judgment notwithstanding the verdict for the statutory penalty. The trial court sustained the motion filed by the plaintiff and assessed a penalty in the form of a judgment in the sum of $47,740 and also rendered judgment on the verdict of the jury in the sum of $1,000. The Fidelity Land Credit Company invoked the original jurisdiction of this court by filing petition herein in case No. 16276 on its dockets entitled: "Fidelity Land Credit Company, a corporation, Petitioner, v. J. H. Swan, Judge of the Superior Court of Okmulgee County, Okla., and Kate D. Campbell, Respondent." In said petition the said Fidelity Land Credit Company prayed a writ of certiorari to quash the said judgment of the said superior court in so far as it was in excess of the verdict returned by the jury, to wit, in the sum of $47,740. On hearing of said last-named caused the writ prayed was granted, and it recited (omitting formal parts):

"There came on for hearing the above-entitled cause, and the petitioner (the Fidelity Land Credit Company, a corporation) being present by its attorneys, Pearson & Pearson, and Rainey & Flynn, and the respondent, Kate D. Campbell, by her attorney, A. L. Emery, and the judge of the superior court having filed his response, the court, after having heard the argument and being well and sufficiently advised in the premises, finds that the judgment of the superior court of Okmulgee county rendered in this cause on the first day of April, 1925, in so far as the same assessed a penalty in excess

of the verdict is void and is therefore quashed and the writ of certiorari granted to that extent."

Thereafter the said Kate D. Campbell filed her motion for new trial under the provisions of sections 572, 574, and 576, C. O. S. 1921, and set up matter to the effect that it was not filed earlier because she was "unavoidably prevented," and also her motion for a new trial under sections 572, 574, and 576, on the ground of newly discovered evidence. When these motions were heard, the trial court sustained the same and vacated and set aside the entire judgment on the 27th day of July, 1925. To the said motions filed by the said Kate D. Campbell the defendant, the Fidelity Land Credit Company, filed an answer traversing the alleged matters of fact in said motions set forth. On hearing the evidence on the issues thus joined the order granting the new trial recites (omitting formal parts):

"The court, being fully informed, sustains said motion for new trial, and the judgment heretofore rendered in this action is hereby vacated and set aside, to all of which the defendant filed in writing its exceptions and the court indorsed thereon 'Order for an Appeal,' all of which will appear in the exceptions and orders thereon.

"The defendant announces in open court its intention to appeal to the Supreme Court and requests the clerk to make an entry on the proper records showing that the defendant has given said notice in open court."

The brief filed herein by the said Fidelity Land Credit Company, after reciting a history of the case in substance as above set out, makes this affirmation:

"From the foregoing history of the case, obviously the only difference between plaintiff and defendant is this, to wit, both plaintiff and defendant want a new trial. Plaintiff claims she has a legal right at the new trial to raise the issue of statutory penalty for failure of defendant to release of record a mortgage on her land, and defendant claims she has no such right; that the superior court, in giving her that right at a new trial of the case, committed reversible error because that issue has become res adjudicata, and that the order granting plaintiff a new trial should not be reversed, but simply modified by prohibiting plaintiff again raising the issue of statutory penalty."

From this excerpt taken from the brief of the plaintiff in error, it is clear that it does not insist that there was any error in granting a new trial in this cause, but that in doing so the trial court should have incorporated in the order granting the new trial a special condition, to wit: that when heard again on the merits on the pleadings which were before the court that part of the plead-

ings with reference to the statutory penalty should be in effect stricken, because such issues have been finally determined as against the said Kate D. Campbell.

With this contention we cannot argee. Had the plaintiff in error (defendant) perfected an appeal from the order granting a new trial to the plaintiff on the grounds in her motion set forth, it might have presented something to this court which would have warranted a reversal of the action, but the contention here made, as we view it, is without merit. The very order of this court, as set out above in the exercise of its original jurisdiction to issue a writ of certiorari, expressly recited that the judgment in the sum of $47,740 was quashed, for that the judgment to that extent "assessed a penalty in excess of the verdict," and that the same was void. The very basis of issuing the writ was that the court had no jurisdiction to enter this judgment under the then status of the record in the sum mentioned, and that the issues raised by the pleadings had been tried to a jury and the verdict of the jury responded to said issues and the judgment of the court could not exceed the finding made by the jury on the same. The attempt of the court to do so was itself a nullity and this justified the writ of certiorari and the judgment of this court thereon. Part of the judgment being eliminated as void, the action of the trial court in granting a new trial under the provisions of the statute, to which no exception is taken except that the trial court does not make the granting of the new trial a conditional one, meets with neither reason nor logic. Having granted the new trial and no error being assigned thereon, the cause stands in the trial court on the issues there joined, or that may be joined by proper pleadings, as if the same had never been tried and as if no judgment had ever been rendered therein. There is nothing before this court which warrants us in reversing the order of the superior court of Okmulgee county in granting a new trial. Affirmed

NICHOLSON, C. J., and PHELPS, LESTER, MASON, HUNT, and RILEY, JJ., concur.